GAC - 8904

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOINT WELFARE FUND OF EMPLOYERS AND LOCAL 478 I.B. OF T. | HON. |
| and | Civil Action No. |
| TRUSTEES OF JOINT WELFARE FUND OF EMPLOYERS AND LOCAL 478 I.B. OF T., | **PETITION TO CONFIRM ARBITRATION AWARD** |
| Petitioners, | |
| v. | |
| GRAMMER, DEMPSEY & HUDSON, INC., | |
| Respondent. | |

Petitioners, Joint Welfare Fund of Employers and Local 478 I.B. of T. (the "Welfare Fund"), and the Trustees of the Welfare Fund, respectfully show:

1. This Court has personal jurisdiction over Respondent, Grammer, Dempsey & Hudson, Inc. ("Grammer, Dempsey").

2. This Court has jurisdiction over the subject matter of this claim pursuant to Section 502(e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) and (f), and may confirm the arbitration award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9.

3. Local 478, International Brotherhood of Teamsters ("Local 478") is a labor organization representing employees in an industry affecting commerce within the meaning of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4), with an office and place of business at 1767 Morris Avenue, Union, New Jersey 07083.

4. The Welfare Fund is a trust fund within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee welfare benefit plan within the meaning of Section 3(1), (3), and (37) of ERISA, 29 U.S.C. § 1002(1), (3) and (37).

ROLL, HEINEMAN GIBLIN
ATTORNEYS AT LAW
WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 491-2100

5.     The Trustees of the Welfare Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002 (21)(A).

6.     The Welfare Fund is administered at, and the Trustees, in their capacity as Trustees, maintain their principal offices at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

7.     Grammer, Dempsey is an employer within the meaning of the LMRA and ERISA with an office and place of business in Newark, New Jersey.

8.     Grammer, Dempsey and Local 478 are parties to a written collective bargaining agreement by which Grammer, Dempsey is obligated to remit contributions to the Fund based upon its employment of employees in a bargaining unit represented by Local 478. (A photocopy of the pertinent portion of the collective bargaining agreement is attached, as Exhibit A).

9.     Grammer, Dempsey is bound by and to the terms and provisions of the declarations of trust for the Fund, by virtue of the fact that Grammer, Dempsey is obligated to remit contributions to the Fund and pursuant to certain provisions of the collective bargaining agreement.

10.     The declaration of the trust and a resolution of the Fund's Trustees provide for the appointment and designation of arbitrators to render arbitration awards concerning delinquent contributions.

11.     On August 28, 2007 at 10:00 a.m. at the office of counsel for Petitioners at 99 Wood Avenue South, Iselin, New Jersey, after due notice to Grammer, Dempsey, an arbitrator duly appointed and designated pursuant to the declaration of the trust conducted a hearing concerning Grammer, Dempsey's alleged delinquency in making contributions to the Fund.

12.     The arbitrator issued an Award And Order dated September 18, 2007, captioned as In the Matter of Arbitration Between Joint Welfare Fund of Employers and Local 478 I.B.T. and Grammer, Dempsey & Hudson, Inc. (A photocopy of the Award And Opinion is attached as Exhibit B).

ROLL, HEINEMAN GIBLIN
ATTORNEYS AT LAW
WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 491-2100

-2-

13.     In the Award And Order, the arbitrator directed Grammer, Dempsey to cease and desist from violating the collective bargaining agreement regarding lack of payments, and to pay certain amounts as specified in the arbitration award.

14.     Grammer, Dempsey has failed and refused to pay the amounts as specified in the arbitration award, a total amount of $34,114.80, which includes contributions, interest, liquidated damages, attorney's fees, and arbitrator's fee.

**WHEREFORE**, Petitioners respectfully request:

(A)     An order confirming the arbitration award dated September 18, 2007;

(B)     Entry of judgment by the clerk which may be enforced as any other judgment;

(C)     Costs, attorneys' fees, and interest thereon, as provided by law; and

(D)     Such other relief as the Court deems equitable.

**KROLL HEINEMAN GIBLIN**
Attorneys for Petitioners

By: _____

Gary A. Carlson

Dated: October 16, 2007

ROLL HEINEMAN GIBLIN
ATTORNEYS AT LAW
) WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 491-2100

–3–

# EXHIBIT A

# A G R E E M E N T

## BETWEEN

### GRAMMER, DEMPSEY & HUDSON, INC.

- and -

### TRUCK DRIVERS & CHAUFFEURS UNION

### LOCAL #478 I.B.T.C.W. OF A.

\* \* \*

### September 16, 2005 - September 15, 2009

## I N D E X

| DESCRIPTION | SECTION NO. | PAGE NO. |
|---|---|---|
| ARBITRATION | 25 | 26 |
| CHECK-OFF SYSTEM OF UNION DUES | 24 | 26 |
| CLARIFICATION OF CLASSIFICATIONS | | 33 |
| CLASSIFICATION AND WAGES | 2 | 2 |
| COMPANY RULES | 10 | 15 |
| CONTRACT EVASION | 14 | 17 |
| DEATH IN FAMILY | 6 | 10 |
| DURATION OF THE AGREEMENT | 34 | 30 |
| EXPULSION FROM UNION | 15 | 18 |
| FOREMEN | 18 | 19 |
| HEALTH AND WELFARE PLAN | 20 | 20 |
| HOLIDAYS | 5 | 8 |
| HOURS OF WORK | 3 | 5 |
| ILLNESS OR INJURY | 29 | 28 |
| INSURANCE AND SAFETY | 16 | 18 |
| JURISDICTION | 1 | 1 |
| JURY DUTY | 31 | 29 |
| LETTER OF AGREEMENT | | 39 |
| MILITARY SERVICE | 11 | 16 |
| MISCELLANEOUS | 4 | 7 |
| NIGHT LOADERS | 17 | 18 |
| NO STRIKE OR LOCKOUT | 27 | 28 |
| PROTECTION OF RIGHTS | 19 | 19 |
| RETIREMENT PLAN | 21 | 24 |
| SAFETY REGULATIONS AND INSPECTIONS | 33 | 30 |
| SENIORITY | 8 | 12 |
| SEVERANCE PAY | 23 | 25 |

## I N D E X (cont.)

| DESCRIPTION | SECTION NO. | PAGE NO. |
|---|---|---|
| SHOP STEWARDS | 12 | 16 |
| SICK LEAVE | 30 | 28 |
| STATUTE OF LIMITATIONS | 26 | 27 |
| SUCCESSORS AND ASSIGNS | 13 | 17 |
| TRANSFER OUT OF BARGAINING UNIT | 32 | 29 |
| UNION SECURITY | 9 | 14 |
| VACATIONS | 7 | 10 |
| WAGE GARNISHMENT | 28 | 28 |
| WAREHOUSE OPERATION | 22 | 25 |
| WAREHOUSE RULES | | 37 |

by the originating or interchanging of succeeding carriers or persons, whether parties to this Agreement or not.

The Employer agrees that it will not cease or refrain from handling, using, transporting, or otherwise dealing in any of the products of any other Employer, or cease doing business with any other person, or fail in any obligation imposed by law, as a result of individual employees exercising their rights under this Agreement or under law, but the Employer shall, notwithstanding any other provision in this Agreement, when necessary, handle, use, transport or otherwise deal in such products and continue doing such business by use of other employees, (including management representatives) other carriers, or by any other method it deems appropriate or proper.

The above provisions shall not be applicable in the event they are contrary to any of the laws or regulations of the State of New Jersey, or the United States of America.

SECTION 20: HEALTH AND WELFARE PLAN

(a)    The Employer will contribute to the Joint Welfare Fund of Employers and Local No. 478, I.B.T., in the manner described in the sections below.

(b)    Contributions to the Health and Welfare Fund shall be in accordance with the following table:

JOINT WELFARE FUND CONTRIBUTIONS

| Amount | Effective Date |
|---|---|
| $4.64 per hour* | April 1, 2005 |
| $5.04 per hour* | April 1, 2006 |
| $5.44 per hour* | April 1, 2007 |
| $5.84 per hour* | April 1, 2008 |
| $6.24 per hour* | April 1, 2009 |

*subject to 8 hr / day and 40 hr / week maximums

20

The contributions set forth for 4/1/07 and 4/1/08 may be revised. The Union will notify the Company in advance of such dates as to the specific amounts of the contributions.

1.    In the event of a decrease, the remainder of the contribution shall be diverted to Wage Rates.

2.    In the event of an increase in the contribution, said increase shall be diverted from the Wage Rates set forth in Section 2(a) hereinabove.

(c)    The contributions to the above shall be for administration and other expenses for the Fund to provide Welfare coverage for the Employer's employees. The specific coverages will be listed in a "booklet" issued by the Fund. The benefits in the "booklet" shall be provided each employee without each employee being required to submit for a physical examination.

(d)    Employees of the Employer who are not working due to a workmen's compensation injury shall hold seniority during the said injury and the Employer shall contribute the sum specified herein into the Joint Welfare Fund of Employers and Local 478, I.B.T., for each said employee during their injury, up to a maximum of one (1) year.

(e)    Contributions shall be made as set forth in paragraph (b) above for each day worked for each regular, probationary, extra, part-time or casual employee covered by this Agreement on the Employer's payroll.

(f)    Failure on the part of the Employer to pay the contribution specified herein into the said Welfare Fund, for each and all employees shall leave the Employer with full responsibility to assume and pay the benefits the employee(s) and his (or their) family are entitled to under the terms of the Welfare Fund and specified in the "booklet" issued by the Fund.

(g)    New employees shall be covered under the Health and Welfare Plan, as provided in the Fund Booklet and shall be given proof of coverage.

21

(h)    The Employer agrees to immediately join and concur with the Union in the execution of such petitions, applications and forms that are required to be filed with the State and governmental Agencies.

(i)    The Joint Welfare Fund of Employers and Local No. 478, I.B.T., shall be administered by a Board of Trustees of the said Welfare Fund, composed of three (3) Trustees from Employers who have a signed Labor Contract with the Union and three (3) Trustees from the Union.

(j)    The Trustees are vested with full power and authority to administer the Fund which shall be utilized to purchase all the benefits for the employees as set forth in the planned "booklet".

(k)    The Trustees may assess the Employers with penalties for any and all delinquent payments that are due the Fund, including Court costs and Attorney's fees.

(l)    For the purpose of calculating contributions for road driver, the contributions will be based upon the hours of service of the road driver with a maximum of forty (40) hours in any workweek.

(m)    The contributions set forth in paragraph (b) above shall be remitted to the Joint Welfare Fund of Employers and Local No. 478, I. B. of T. Such contribution shall be submitted to the Fund on or before the tenth (10th) day of the month following the month in which these monies were accrued.

(n)    It is agreed between the Employer and the Union that should the Employers fail to comply with the terms of this Section 20, that the Union shall have the right to order a work stoppage of the employees of the Employer, and that such a work stoppage shall not be a breach of this Labor Contract, providing such work stoppage is authorized by the Executive Board of the Union.

(o)    Contributions shall be made as set forth in paragraph (b) above for each vacation week (maximum contribution, forty (40) hours). Contribution shall also be made for holidays if not

22

worked (maximum contribution, eight (8) hours).  There will be no payment made if the holiday occurs on a Saturday.

Contributions shall also be made for the following:

1.    Sick Days that are provided for in the Supplemental Agreement (maximum contribution, eight (8) hours for each sick day and forty (40) hours per each week in which sick days are used).

2.    Receiving Workmen's Compensation Benefits (subject to the maximum of one (1) year). (Maximum contribution, eight (8) hours for each day off on Workmen's Compensation and forty (40) hours per week off on Workmen's Compensation injury).

3.    Jury Duty - Contributions to be made when employee is serving on Jury Duty. (Maximum contribution, eight (8) hours for each day off on Jury Duty and forty (40) hours per each week off on Jury Duty).

4.    Arbitration - The Employer shall contribute the sum specified herein into the Fund for all persons who have been suspended or discharged from the employ of the Employer in cases where the suspended or discharged person is waiting for an Arbitration and/or a decision thereof and contributes said sum specified until such time as the decision of the hearing is received by the Employer and the Union.

5.    In the case of serious illness only, the Employer will contribute to the Welfare Fund for a seriously ill employee, the amount equal to the cost of the Blue Cross/Blue Shield and Major Medical fees that the Fund pays to the covering agent during that period as follows:

|  |  |  |  |
|---|---|---|---|
| Over | (5) years employment | - | (6) months |
| Over | (10) years employment | - | (12) months |
| Over | (15) years employment | - | (18) months |

23

## SECTION 33: SAFETY REGULATIONS AND INSPECTIONS

If a dispute should arise over the implementation of a safety regulation, or hazardous working conditions, the Employer agrees to cooperate with the Union in arranging for an inspection by the Union and Employer's designated representative. The Union reserves the right to take allegations of violations of safety standards directly to arbitration.

## SECTION 34: DURATION OF AGREEMENT

It is hereby agreed between the Employer and the Union, that all terms and conditions of this Labor Contract shall be effective as of September 16, 2005, and shall continue in full force and effect until 12:00 midnight of September 15, 2009.

IN WITNESS WHEREOF the parties hereto set their hands this ___ day of _____ 2005.

FOR THE EMPLOYER:                           TRUCK DRIVERS & CHAUFFEURS
                                            UNION, LOCAL NO. 478, L. B. of T.


_____                   _____
Signature-Title                            Signature-Title


_____                   _____
Signature-Title                            Signature-Title


Dated:

*8526728 v. - Grammer Dempsey 2005 CBA*

30

# EXHIBIT B

**STATE OF NEW JERSEY**
------------------------------------
In the Matter of Arbitration between                              :
                                                                  :
**JOINT WELFARE FUND OF EMPLOYERS**                               :
**AND LOCAL 478 I.B.T.**                                          :
      (hereinafter "Welfare Fund")  :          **AWARD**
                                                                  :           **AND**
      -and-                           :          **ORDER**
                                                                  :
**GRAMMAR, DEMPSEY & HUDSON, INC.**                               :
      (hereinafter "Employer")       :  **Before: J. J. PIERSON, Esq.**
                                                                  :          **Arbitrator**
_____                                   :

This matter was opened to J. J. PIERSON, Esq., Arbitrator[1], and a hearing was held on August 28, 2007 at the law offices of Kroll Heineman & Giblin, Iselin, New Jersey after due notice to the representatives of the parties. Upon evidence submitted by the Welfare Fund, it was found that the Employer is bound to a Collective Bargaining Agreement ("Agreement") with Local 478. I.B.T. The Agreement requires employers to make specific fringe benefit contributions to the Welfare Fund on behalf of employees and be subject to audits of payroll and wage records for the purpose of determining accuracy of the contribution to the Welfare Fund and adherence to the requirement of the Agreement regarding coverage and contributions on behalf of its employees. The Agreement also entitles the Welfare Fund to interest on the amount of a delinquency of contribution outstanding and liquidated damages (or penalty costs), attorney's fee and the cost of arbitration, when the Welfare pursues collection.

Herein, the Welfare Funds allege that the Employer is delinquent in remitting contributions to the Welfare Fund for the period beginning March 2007 through July 2007. The Employer did not contest the liability nor the amounts due and owing for the contested period.

_____

1. Designated Arbitrator by the Trustees of the Funds.

Based on the evidence presented, it found that the Employer is delinquent in remitting contributions to the Welfare Fund for the payroll period of March 2007 through July 2007, at the contribution rate of $5.04 per hour through March 2007 and $5.34 per hour after April 1, 2007, for 960 hours due each month[2], in the amount of **$25,344.00**.

It is therefore **AWARDED and ORDERED** that:

1. The Employer shall pay forthwith to the Welfare Fund, delinquencies in contributions for the period set forth, in the amount of **$25,344.40**, plus interest in the amount **$417.60**[3], plus liquidated damages (penalty costs) in the amount of **$5,068.80**.[4]

2. The Employer shall pay forthwith to Kroll Heineman & Giblin, Metro Corporate Campus I, 99 Wood Avenue South, Suite 307, Iselin, New Jersey 08830 the sum of **$2,534.40** as reasonable attorneys' fees.[5]

3. The Employer shall reimburse the Welfare Fund for the Arbitrator's fee of **$750.00**. Payment of the Arbitrator's fee by the Employer shall be deemed an obligation imposed by this Award.

**In summation, GRAMMAR DEMPSEY & HUDSON, INC., as the Employer herein, shall pay to the Welfare Fund, in accordance with paragraphs 1-3 of this AWARD AND ORDER, a total amount of:**

## **$34,114.80**

---

2. Six (6) participants, as reported on the Employer's January 2007 reported work of 160 hours for each employee.

3. Calculated at the annual rate of 10% on the delinquency amount and, herein, calculated for one month through July 2007.

4. Calculated at 20% of the delinquency amount.

5. Calculated at 10% of the delinquency amount.

And it is further AWARDED and ORDERED that the Welfare Fund and Union shall have the right upon demand to examine all records of the Employer, including all financial records, in the event the Employer is unwilling or unable, or claims he is unwilling or unable, to pay contributions due to the Welfare Fund, said examinations being necessary for the Welfare Fund and the Union to determine whether in fact there are assets, the location of such assets, and whether assets have been conveyed, directly or indirectly to any other person or entity.

And it is further AWARDED and ORDERED that the Employer, its president, registered agent, or other authorized corporate official designated by the Welfare Fund, shall appear for discovery on oath and produce documents concerning the property and things in action of the Employer at the office of Kroll Heineman & Giblin, Metro Corporate Campus I, 99 Wood Avenue South, Suite 307, Iselin, New Jersey 08830 upon ten (10) days notice.

Dated: September 18, 2007

J. J. PIERSON, ESQ.
Arbitrator

STATE OF NEW JERSEY :
            ss.
COUNTY OF ESSEX :

I, J. J. Pierson, Esq., on my oath, do attest and affirm to being the person who has executed the foregoing instrument and issued the above Award on September 18, 2007.

J. J. Pierson, Attorney at Law - State of New Jersey